**UNITED STATES of America,
Appellee,**

v.

**Sven EHAND, also known as Mika
Jakonen, Appellant.**

No. 10–2208.

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 28, 2010.

Filed: Feb. 11, 2011.

Richard D. Westphal, U.S. Attorney's Office, Davenport, IA, for Appellee.

Sven Ehand, Dubuque, IA, pro se.

Steven Warren Hanna, Moline, IL, for Appellant.

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Sven Ehand pled guilty to possessing fifteen or more counterfeit access devices, a violation of 18 U.S.C. §§ 1029(a)(3), 2. The district court[1] imposed a prison sentence of 12 months and 1 day, the lower end of the advisory guidelines range. On appeal, Ehand's counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising an ineffective-assistance claim.[2]

We decline to consider the ineffective-assistance claim on direct appeal. *See*

1. The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

2. After the *Anders* brief was filed, Ehand retained new counsel, who filed an appearance on his behalf on January 3, 2011. Ehand's

*United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir.1998) (an ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 petition). Furthermore, we conclude that the district court committed no procedural error and imposed a substantively reasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (in reviewing a sentence, an appellate court first ensures that the district court committed no significant procedural error and then considers the substantive reasonableness of the sentence under an abuse-of-discretion standard); *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir.2005) (describing abuse of discretion).

Having reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

original appellate counsel filed a motion to withdraw, which was granted on January 4, 2011. Ehand's newly retained counsel has not requested leave to file a supplemental brief.